IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OHIO

WESTERN DIVISION

**FILED**

MAY 1 2 2025

CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

3:25 CV 957

| | |
|---|---|
| Sa Ra R. Ali-Bey ) | CASE # |
| 642 Eleanor Ave #3 ) | JUDGE: **JUDGE HELMICK** |
| Toledo, OH 43612 ) | MAGISTRATE: **MAG JUDGE CLAY** |
| Plaintiff ) | |
| ) | |
| VS. ) | |
| ) | |
| )COMPLAINT UNDER 28 USC§1332(a) & | |
| Christina Van Hoose ) | 42 U.S.C§ 1983 FOR DEPRIVATION |
| 2170 Woodale Rd ) | OF RIGHTS SECURED BY |
| Ypsilanti, MI 48198- ) | ARTCLE. 1§10, 1ST, 5TH, & 14TH |
| Defendant ) | AMENDMENT TO THE |
| ) | CONSTITUTION OF THE |
| Darlene O'Brien ) | UNITED STATES, & 42 USC§1301(d)& |
| 101 E Huron St; P.O. ) | 45 CFR§ 303.4(b)(1) |
| Box 8645 Ann Arbor, MI ) | |
| 48107 ( In her Individual Capacity) ) | |
| Defendant ) | |
| ) | |
| Stuart M. Collis ) | |
| 1851 Washtenaw Ave. ) | |
| Ypsilanti, MI 48197 ) | |
| Defendant ) | |

|  |  |
|---|---|
|  | ) |
| Anne M. Lerini | ) |
| 200 North Main Street, | ) |
| Suite 410 P.O. Box 8645 Ann Arbor, | ) |
| MI 48107-8645 | ) |
| (In her individual Capacity)-Defendant | ) |
|  | ) |
|  | ) |
| Eugenia Patru | ) |
| P.O. Box 8645 | ) |
| 101 East Huron Ann Arbor, MI | ) |
| 48107-8645 | ) |
| Defendant | ) |
|  | ) |
| Michigan Department of Health and Human Services) |  |
| 22 Center Street | ) |
| Ypsilanti, MI 48190 | ) |
| Defendant | ) |
|  | ) |
| Washtenaw County Friends of the Court | ) |
| P.O. Box 8645 101 East Huron | ) |
| Ann Arbor Michigan 48107-8645 | ) |
| Defendant | ) |

Now comes plaintiff Sa Ra R. Ali-Bey hereby come before this honorable court to redress grievances for the deprivation of rights by the defendants named herein pursuant to 42 U.S.C. §1983 et sq, USC§1301(d), 45 CFR§303.4(b)(1) and Article 1§10, 1st 5th, & 14th Amendment to the Constitution of the United States.

<u>JURISDICTION AND VENUE</u>

Plaintiff asserts that the jurisdiction and venue is proper in this action. Defendants are subject to diversity of citizenship pursuant to 28 U.S.C §1332 (a) and are citizen of the United States. Plaintiff also has filed this claim pursuant to 42 U.S.C § 1983, 42 U.S.C§ 1301(d), and 45 CFR§303.41(b).

<u>STATEMENT OF FACTS</u>

1.Plaintiff is a Black American Male that is being sued by co-defendant Christina Van Hoose in the 22nd Circuit Court of Washtenaw County under the Family Support Act of the State of Michigan (see ex-A).

2. The cause of action originated from a casual relationship between plaintiff and co-defendant Christina Van Hoose; plaintiff allegedly fathered a daughter by the name of Christiana Van Hoose and therefore has been paying co-defendant Christina Van Hoose Child Support through a private implied agreement between plaintiff and co-defendant Christina Van Hoose.

3.Plaintiff was refused by co-defendant Christina Van Hoose access to Parental Autonomy causing plaintiff to file an application for mediation with the State of Michigan County of Washtenaw Friends of the Court (see exhibit B).

4. Washtenaw County Friends of the Court refused to conduct an investigation on the issues plaintiff presented in his application (see exhibit-C ¶6,9,10,12,16&18).

5. On February 27, 2024 co-defendant Christina Van Hoose caused to be filed a complaint under the State of Michigan's Family Support Act in the 22 nd Circuit court of Washtenaw County, Michigan which prosecuting attorney -co-defendant Anne Lerini was co-defendant Christina Van Hoose's counsel of record see exhibit-A; pg1of 1 under complaint).

6. Co-defendant Anne Lerini illustrated in the complaint that co-defendant Christina Van Hoose was the plaintiff in the case filed by co-defendant Christina Van Hoose.

7. Co-Defendant Anne Lerini stated that co-defendant Christina Van Hoose filed the complaint in order to receive or because she is receiving Title IV-A benefits from co-defendant Michigan Department of Health and Human Services (herein MDHHS).

8. Co-Defendant Christina Van Hoose refused to notify plaintiff of her application to receive Title IV-A benefits from co-defendant Michigan Department of Health and Human Services (see exhibit C ¶3).

9. Co-defendant Michigan Department of Health and Human Services (herein MDHHS) took authority over the decision to grant plaintiff's alleged daughter Christiana Van Hoose medical insurance without notifying plaintiff and affording plaintiff the right to object to such decision (see exhibit C¶ 4,5,&18).

10. As a result of co-defendant's Christina Van Hoose application for IV-A benefits; co-defendant Christina Van Hoose applied for IV-D services with co-defendant Friends of the Court for Washtenaw County (Herein FOC).

11. Co-Defendant FOC refused to afford plaintiff the right to notification of co-defendant's application for title IV-D services pursuant to MCL§ 552.505.

12.On or about around March 1, 2024 plaintiff received a complaint for child support under the Michigan Family Support Act verified by co-defendants Christina Van Hoose and Anne Lerini .

13. On April 15, 2024 co-defendant Anne Lerini transferred her duties pursuant to MCL§ 552.454(1) and MCL§49.153 to private attorney co-defendant Stuart Collis by a "Stipulation and Order for the Substitution of Counsel" without the authority of the Washtenaw County Commissioner (see exhibit D).

14. On April 17, 2024 Co-Defendant Darlene O'Brien who is the presiding judge over case# 24-000369-DS in the 22nd Circuit Court Washtenaw County (see exhibit A) granted said Order and Stipulation with utter disregard to plaintiff right to file an objection (see exhibit E).

15. From April 15, 2024 to present co-defendant Stuart Collis has been representing Co-Defendant Christina Van Hoose.

16. On May 17th, 2024 plaintiff objected to the granting of the Order and Stipulation (see exhibit F).

17. From April 17, 2025 until present co-defendant Darlene O' Brien allowed co-defendants FOC, Anne Lerini, and Stuart Collis to prosecute case#24-000369-DS collectively (see exhibit C¶13&14).

18. From April 17, 2024 until present co-defendant Darlene O'Brien has allowed co-defendant Anne Lerini to transfer her duties as prosecutor under MCL§ 552.454.(1) to co-defendant Stuart Collis without legal authority.

19. From April 17, 2024 until present co-defendant Darlene O'Brien has allowed co-defendant Stuart Collis to represent co-defendant Christina Van Hoose without legal authority.

20. On June 24, 2024 FOC Mediator Eugenia Patru wrote an unsworn statement in her "Recommendation for Child Custody, Parenting Time, and Child Support that co-defendant Eugenia Patru said, " Sa Ra made a clear cut statement about his disparagement for Christina Van Hoose, and his outright refusal to pay any child support." (see exhibit G¶7g, pg 8 under Parenting Time Recommendation Rationale).

21. Co-Defendant Eugenia Patru failed to show any facts that would provide that plaintiff had contempt for the court, disparagement towards co-defendant Christina Van Hoose, and was refusing to pay child support (see exhibit G in it's entirety).

22. On June 24, 2024 co-defendant FOC Mediator Eugenia Patru wrote an unsworn statement purporting that "it is likely that Sa Ra may neglect Christiana if he were left alone with her;" (see exhibit G¶ 7c,pg7).

23. Plaintiff incorporate by reference paragraphs 20-22 and herein states that the statements made by co-defendant Eugenia Patru were averred absent an oath or affirmation of the truth of such statements that would illustrate plaintiff had probability of neglecting Christiana (see exhibit G in it's entirety).

24. Plaintiff incorporate by reference paragraphs 20-23 and further state that co-defendant Christina Van Hoose told co-defendant Eugenia Patru the aforementioned unsworn statements written by Eugenia Patru which caused the printing and publishing of such statements in the public record of Washtenaw County 22nd Circuit Court case#24-000369DS.

25. Co-defendant Eugenia Patru wrote a statement averred by co-defendant Christina Van Hoose that "Sa Ra has spent approximately 20 times at my house with the baby he was not attuned to her nuances"." For example, during he times he was there, and Christiana was awake, she needed comforting during her fussy times;" "Sa Ra did not appear to be able to calm her nor was he able to model the comforting Christina demonstrated;" (see exhibit G¶ 7(c).

26. These averments were made contrary to Michigan Evidence Rule 603 and Ohio Evidence rule 603, and lacked evidence illustrating such behavior occurred.

## COUNT-1

27.     Plaintiff incorporates by reference paragraphs 1-12 and therefore states that co-defendant Christina Van Hoose willfully concealed from plaintiff that she applied for Title IV-A benefits with co-defendant Michigan Department of Health and Human Services; violating plaintiff right to due process pursuant to the 5th and 14th amendment to the constitution of the United States of America and violating MCL§722.30 causing plaintiff irreparable harm, undue burdensome, emotional distress and financial loss by way of concealment impairing plaintiff's right to access parental autonomy *(see exhibits C¶3,21,22&H pg1-3).*

28. Plaintiff incorporates by reference paragraph 27 and states that co-defendant Christina Van Hoose concealment impaired plaintiff fundamental right to parental autonomy, breach of contract, and being subject to a lawsuit which caused plaintiff financial hardships, distress and undue burdensome (see exhibits C¶3,21,22 &H pg1-3).

29. Plaintiff incorporates by reference paragraph 27-28 and further states that co-defendant Christina Van Hoose conspired with co-defendants Michigan Department of Health and Human Services, Washtenaw County Friends of the Court, and Anne Lerini, to deny plaintiff due process by concealing from plaintiff co-defendant Christina Van Hoose's application for Title IV-A benefits with co-defendant Michigan Department of Health and Human Services; which impaired plaintiff right to freedom and liberty violating the 5th and 14th amendment to the Constitution of the United States of America and impaired plaintiff's right to contract violating Article 1§10 of the Constitution of The United States of America .

## COUNT-2

30. Plaintiff incorporates by reference paragraphs 27-29 and avers that co-defendant Michigan Department of Health and Human Services (herein MDHHS) violated 42 U.S.C§1301(d) by not affording plaintiff the fundamental right of due process by refusing to notify plaintiff of it's intent to provide Title IV-A Benefits to Christiana Van Hoose and not allowing plaintiff a chance to object to such decision which violated plaintiff right secured by the 5th & 14th Amendment to the Constitution of The United States of America (see exhibit C¶ 4,5,&18).

*31.*     Plaintiff incorporates by reference paragraphs 27-30 and states that co-defendant MDHHS willful deprivation of plaintiff's right to parental autonomy and utter disregard to plaintiff's right to due process caused undue burdensome, emotional distress, embarrassment, and financial hardships (see exhibit C 4,5,&18&H pg1-3).

## COUNT-3

*32.*     On June 17, 2024, Co-Defendant Christina Van Hoose defamed plaintiff's name by way of slandering plaintiff's reputation by stating to co-defendant Eugenia Patru that plaintiff "spent approximately 20 times at my house with the baby," and he was not attuned to her nuances,"; was willfully uttered to co-defendant Eugenia Patru to discredit plaintiff's reputation as a father. As a result recommending that plaintiff's right to visitation be suspended (see exhibit J pg.4 third statement)

*33.*     Plaintiff incorporates by reference paragraph 32 and states that co-defendant's slanderous statement to Eugenia Patru caused the publication of such statement in the court record under case# 24-000369-DS in the 22nd Circuit Court of Washtenaw County; which caused irreparable harm to plaintiff's reputation; with intent to impair plaintiff's right to parental autonomy violating the 5th amendment to the constitution (see exhibit G¶7(g).

34. Plaintiff incorporates by reference paragraphs 32-33 and states that  co-defendant Christina Van Hoose defamed plaintiff's name and reputation by stating to co-defendant Eugenia Patru that plaintiff, "did not appear to be able to calm her [Christiana] nor was he able to model the comforting Christina demonstrated; (see exhibit G¶g(7).

## COUNT-4

35. Plaintiff incorporates by reference paragraphs 32-34 and states that co-defendant Eugenia Patru published libelous statements against plaintiff by publishing in case# 24-000369-DS in the 22nd Circuit Court of Washtenaw County " Child Custody, Parenting Time, and Child Support Recommendation that plaintiff "is highly likely to neglect his daughter;" (Christiana) (see exhibit G¶(g)(7).

36. The aforementioned statement was not sworn or affirmed under oath according to evidence rule 603 of Ohio and Michigan's Evidence Rules; and such statement was false with the intent to harm plaintiff's reputation, name, and discredit plaintiff as a father.

37. Plaintiff incorporate by reference paragraphs 32-36 and states that co-defendant Eugenia Patru published a libelous statement on page 2 under "Parties' Presentations and Position, ¶ 3 of co-defendant's Child Custody, Parenting Time, and Child Support Recommendation that plaintiff had disparagement for the court (see exhibit G page 2).

38. Plaintiff incorporate by reference paragraphs 32-37 and states that co-defendant Eugenia Patru published a libelous statement in case#24-000369-DS in the 22nd Circuit Court Washtenaw County, in co-defendant's Eugenia Patru Child Custody, Parenting Time, and Child Support Recommendation paragraph 7(g) page-8 under "PARENTING TIME RECOMMENDATIONN RATIONALE," that "Sa Ra's (plaintiff) clear-cut statement about his contempt for the court, his disparagement for Christina, and his outright refusal to pay any child support combined to make a parenting order more than challenging;" see exhibit G¶(7)g).

39. The aforementioned statements were not sworn to or authenticated pursuant to Evidence Rule 603 and did not meet the requirements under Rule 602 of Michigan Evidence Rules; therefore, such statement was made falsely with utter disregard to plaintiff's reputation and name with intent to defame plaintiff and his reputation as a father.

## COUNT-5

40. Plaintiff incorporates by reference paragraphs 10-12 and states that co-defendant Washtenaw County Friends of the Court denied plaintiff's right to due process and equal protection under the law, pursuant to the 5th and 14th Amendment to the Constitution of the United States with utter disregard to plaintiff's fundamental right of parental autonomy by not affording plaintiff the opportunity for an hearing as requested by plaintiff on February 22, 2024 (see exhibit B & Exhibit C¶ 6,9,10,12,16&18).

41. Plaintiff incorporates by reference paragraphs 10-12 and paragraph 40 herein and avers that co-defendant Friends of the Court willfully disregarded plaintiff right to due process and equal protection under the law pursuant to the 5th and 14th Amendment to the constitution of the United States of America by not notifying plaintiff that co-defendant Christina Van Hoose was applying for Title IV-D services and not undertaking an investigation which violated MCL§552.505(1)(a)(b).

42. Plaintiff incorporates by reference paragraphs 40-41 and states that co-defendant Friends of the Court willful disregard of plaintiff's right to due process and equal protection under the law by not affording plaintiff a proper investigation pursuant to 45 CFR§ 303.4(b)(1) caused

plaintiff irreparable harm, undue burdensome, emotional distress, and embarrassment (see exhibit C¶21&22).

43. Plaintiff incorporate by reference paragraph 41-42 and further states that co-defendant FOC by and through Anne Cummings and Amy Cox violated plaintiff's right to procedural due process by causing un-neccessary delay in scheduling evidentiary hearings by canceling 3 evidentiary hearings over a 4 month period for no just cause, with the intent to request the court arrears during the time of cancellation for the court to consider; violating plaintiff's rights secured by the 5th and 14th amendment to the constitution of the United States and creating circumstances for co-defendant Christina Van Hoose and co-defendant FOC to be unjustly enriched (see exhibit C¶26).          COUNT-6

44. Plaintiff incorporates by reference paragraphs 14-19 and further states that co-defendant Darlene O'Brien acted outside her official capacity by abusing here discretion under the color of law by way of using the proceedings of case# 24-000369-DS in the 22nd Circuit Court of Washtenaw County under the Michigan Family Support Act, Chapter 552 of the Michigan Compiled Laws to deprive plaintiff"s right to due process, redress of grievance, and equal protection under the law by granting co-defendants Staurt collis and Anne Lerini Order and Stipulation for Substitution of Counsel before plaintiff could file an objection (see exhibit C¶15& exhibit F).

45. Plaintiff incorporates by reference paragraphs 14-19 and paragraph 43 and states that co-defendant Darlene O'Brien willfully denied plaintiff equal protection under the law by allowing co-defendant Anne Lerini to transfer her legal duties pursuant to MCL§49.153 MCL§49.71, &

MCL§552.454(2)(b) to co-defendant Stuart Collis (see exhibit E) without an agreement by the Washtenaw County Commissioner.

46. Plaintiff incorporate by reference paragraphs 14-19 and 44-45 and hereby states that Co-Defendant Darlene O'Brien's allowance of the transfer of co-defendant Anne Lerini legal duties under law was willful violations of plaintiff's right to due process, equal protection under the law, and the right to redress a grievance has caused undue burdensome, emotional distress, and financial hardship to plaintiff; (see exhibit C ¶21-22 & exhibit H pg1-3).

<u>COUNT-7</u>

47. Plaintiff incorporate by reference paragraphs 14-19 and 44-46 and hereby states that Co-Defendant Anne Lerini acted outside here official capacity under the color of law by way of Michigan's Family Support Act by depriving plaintiff's right to equal protection under the law, right to redress, and right to due process by transferring her duties under MCL§ 552.454(1) which impaired plaintiff's ability to ascertain jurisdiction; barring plaintiff from redressing a grievance against co-defendant MDHHS.

48. Plaintiff incorporate by reference paragraph 47 and herein states that Co-defendant Anne Lerini deprivation of plaintiff's right to due process, equal protection under the law, and right to redress a grievance violated plaintiff's rights under the 1st, 5th and 14th Amendment causing plaintiff undue burdensome, financial hardship, emotional distress and loss of liberty (see exhibit C¶ 21-22 & exhibit H pg1-3).

49. Plaintiff incorporate by reference paragraphs 5,6,7,13,17, & 18 and declare that co-defendant Anne Lerini acted outside her official capacity and used chapter 552 of the Michigan

Compiled Laws to deprive plaintiff of his right to equal protection under the law, due process, and his right to redress a grievance by illegally transferring her duties pursuant to MCL§ 552.454 (1) and MCL§49.153 to co-defendant Stuart Collis; creating a procedural nullity which impaired plaintiff's ability to ascertain the real party in interest to case# 24-000369-DS in the 22nd Circuit Court of Washtenaw County which caused plaintiff not to be able to gain access to redress against co-defendants MDHHS and Christina Van Hoose filed on February 27, 2024 plaintiff's right to redress a grievance; violating the 1st amendment to the Constitution of the United States.

## COUNT-8

50. Plaintiff incorporate by reference paragraphs 47-49 and states that co-defendant Anne Lerini induced fraud by concealing that co-defendant MDHHS is the Real Party In Interest in the complaint she drafted on behalf of co-defendant Christina Van Hoose in case# 24-000369-DS in the 22nd Circuit Court of Washtenaw County by transferring her legal duties pursuant to MCL 552.454(1) to Co-defendant Stuart Collis (see exhibit-D).

49.    The concealment was made with the intent to mislead plaintiff from addressing the lack of standing that co-defendant Christina Van Hoose has to sue under the Family Support Act of Chapter 552 of the Michigan Compiled Laws.

50.    Co-defendant Anne Lerini had knowledge of it's falsity; co-defendant is knowledgeable of her duties sworn to under oath and under MCL§49.153, MCL§49.71 & MCL§552.454(1).

51.    Plaintiff relied on the concealment to his detriment which influenced plaintiff not to address in plaintiff's answer to co-defendant's complaint, if co-defendant Christina Van Hoose had standing to sue plaintiff, resulting in plaintiff having to amend his answer and consequently

such amendment being ignored by co-defendant Darlene O'Brien and Stuart Collis causing a deprivation of plaintiff's right to redress a grievance, equal protection under the law, and his right to due process which is a violation of the 1st 5th & 14th Amendment to the Constitution of the United States of America.                   COUNT-9

52.      Plaintiff incorporate by reference paragraphs 12-19 and states that co-defendant Stuart Collis acts of representing co-defendant Christina Van Hoose constituted an absolute nullity which violated Plaintiff's right to due process, equal protection under the law, and a right to redress a grievance; violating the 1st. 5Th, and 14th Amendment to the Constitution of the United States.

53. Plaintiff incorporate by reference paragraph 52 and further states that co-defendant Stuart Collis's deprivation of plaintiff's right to due process, equal protection under the law, and right to redress a grievance secured by the 5th 14th and 1st Amendment to the Constitution of the United States has caused plaintiff irreparable harm, undue burdensome, embarrassment, financial hardship, emotional distress.  (see exhibit C¶21-23 & exhibit H pgs 1-3).

54. Plaintiff incorporates paragraphs 12-19 and paragraph 53 and further states that co-defendant Stuart Collis denied plaintiff right to due process and equal protection under the law by not serving plaintiff a copy of "co-defendant's Stuart Collis Notice of Appearance;" filed on April 9, 2024 see exhibit I). Which caused plaintiff delay, undue burdensome and unwarranted surprise; resulting in plaintiff being confused on the issue of law and jurisdiction.

WHEREFORE, Plaintiff move this honorable court to grant judgment in his favor and order all defendants to be individually and severally liable in the amount of $2,366,210.00 for the deprivation of rights and the violation of law as mitigated below

Compensatory Damages in the amount of $210.00

Co-Defendant Christina Van Hoose $278,000 in punitive damages for constitutional violations, deprivation of rights and slander.

Co-Defendant Michigan Department of Health and Human Services $114,000.00 in punitive damages for constitutional violations and deprivation of rights and violation of federal law.

Co-Defendant Eugenia Patru $390,000.00 in punitive damages for Libel and Defamation

Co Defendant Washtenaw County Friends of the Court $420,000.00 in punitive damages for deprivation of rights, constitutional violations, and violation of federal law.

Co Defendant Darlene O'Brien $432,000.00 in punitive damages for 12+ months of deprivation of rights, and constitutional violations .

Co-Defendant Anne Lerini $432,000 in punitive damages for 12+ months of deprivation of rights and constitutional violations.

Co Defendant Stuart Collis $300,000 in punitive damages for 12+ months of deprivation of rights and constitutional violations.

In addition order each defendant to pay for the cost of this action including attorney fees; and any all other equitable relief that is deemed just by this honorable court. Moreover, plaintiff reserve the right to amend his complaint on new evidence and or testimony that is discovered.

Respectfully Submitted _____

_____

Sa Ra Ali-Bey

Plaintiff

642 Eleanor Ave #3

Toledo, Ohio 43612

State of Ohio

ss

County of Lucas

I hereby affirm that before me Sa Ra Ali-Bey appeared on this _____day of May 2025.

Notary Public_____

My commission expires_____

## CERTIFICATE OF SERVICE

In addition order each defendant to pay for the cost of this action including attorney

fees; and any all other equitable relief that is deemed just by this honorable court.

Moreover, plaintiff reserve the right to amend his complaint  on new evidence and or

testimony that is discovered.

Respectfully Submitted

Sa Ra Ali-Bey

Plaintiff

642 Eleanor Ave #3

Toledo, Ohio 43612

State of Ohio

ss

County of Lucas

I hereby affirm that before me Sa Ra Ali-Bey appeared on this 9th day of May 2025.

Notary Public

My commission expires  9·24·29